SARAH PARRISH, ET AL. *v.* MARTHA J. FERGUSON'S ADMR.

**Claim Against an Estate.**

> Where a niece and her husband open their home to a sick relative who has a cancer, and care for her and look after her welfare and board, and entertain her friends under an agreement that they are to be paid for their services, such services are not to be regarded

as rendered for the same compensation as would be received by a hired nurse, and where the rights of creditors are not involved the court will allow such niece and her husband a liberal compensation for such care and services.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 29, 1884.

OPINION BY JUDGE PRYOR:

The principal question on this appeal arises on the claim of Rees and wife for the board, care and maintenance of the intestate, Martha J. Ferguson, for several months prior to her death. She died from the effects of a cancer on her face that had been developing for a considerable length of time, and she seems to have been conscious of the fact that it was slowly but certainly destroying her life.

Whether she left her home for that of the appellee, Rees, from partiality or affection for his wife, who was her niece, or from a desire to spend the remainder of her days at the old homestead, is not material to inquire, as it is manifest that the change was the result of her own choice, and that she was waited upon and cared for by Rees and his wife in a manner that indicated the greatest solicitude for her recovery, and when it became evident that recovery was impossible, they relieved her sufferings by a constant and careful administering of the medicines prescribed by her physicians, and contributed to her comfort in every manner in their power. The intestate recognized her obligation to them and expressed a desire that they should be well paid, and that after they were paid then she desired that her funeral expenses and debts be discharged, suggesting at the same time that she had no relative who would object to carrying out her wishes. This claim, or the value of the services rendered by the appellees, is not to be measured by the ordinary wages of a nurse who is for hire by the day or the month. Here the appellee, Rees, seems to have surrendered almost his own home for the comfort of the intestate. While his wife was a delicate woman, she together with others, spent night after night, for months, in alleviating her sufferings, and in entertaining those of her kindred and friends who were sympathizing with the intestate in her unfortunate condition, and aiding Mrs. Rees in administer-

ing to her wants. The house seems to have been filled constantly with her kindred and friends for months, and the burden of waiting upon them was on the wife of the appellee. She washed or dressed daily the cancerous sore that was so offensive as necessarily to make it unpleasant, and with her mother, Mrs. Ragland, kept the intestate as clean and comfortable as could be under the circumstances.

The neighbors and her attending physicians prove that the services were worth as much as is charged in the account, and the chancellor below has allowed the sum of $1,340. The· sympathy, affection and care exhibited towards this unfortunate woman by Rees and his family would scarcely be found in the nurse who is paid by the day or the month, in addition to a surrender of the homestead itself by them for months that the suffering woman might be made the more comfortable. The general tenor of the statements made by the deceased indicate not only a wish but a belief on her part that the most of her estate would be made liable to Rees and wife for services rendered her. There is no creditor intervening in this case, nor any doubt as to the solvency of the estate, and if there was this court would be reluctant under the circumstances to disturb the amount of the finding by the chancellor. There is no final judgment on the cross-petition of Wilson as guardian for Mary Glover. The money has not been ordered paid over to the guardian, and before this is done the chancellor will doubtless have the affidavit made required by law in the presentation of claims against decedent's estates before judgment is rendered.

The judgment below is therefore *affirmed*.

*C. Brock*, for appellants.

*Reid & Stone, W. H. Holt*, for appellee.